UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ILEEN RANDOLPH,

                             Plaintiff,                **MEMORANDUM & ORDER**

                         -against-                       15-CV-2059 (PKC)

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                             Defendant.
----------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Ileen Randolph brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision by the Acting Commissioner ("Commissioner") of the Social Security Administration ("SSA") denying Plaintiff's claim for Supplemental Security Income ("SSI"). The Commissioner moves to dismiss this Complaint on the ground that it was not timely filed. (Dkt. 13.) Plaintiff filed a one-page letter in opposition. (Dkt. 10 ("Pl.'s Opp'n").) For the reasons that follow, the Court GRANTS the Commissioner's motion to dismiss.

**BACKGROUND**

Plaintiff applied for SSI on March 17, 2011, claiming that she had been unable to work due to disabling neck and spinal impairments since March 7, 2005. (*See* Dkt. 13-1, Decl. of Roxie Rasey Nicoll ("Nicoll Decl.") ¶ 3(a); Dkt. 1 ("Compl.") ¶ 4.) The SSA denied Plaintiff's claim on June 16, 2011, and Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). (Nicoll Decl. ¶¶ 3(a), 3(b).) On May 30, 2012 and again on February 21, 2013, Plaintiff appeared and testified at administrative hearings before an ALJ. (*Id.* Ex. 2 at ECF 12.[1]) By

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing

decision dated May 17, 2013, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at ECF 21.) On July 15, 2013, Plaintiff requested that the Appeals Council review the ALJ's decision. (Nicoll Decl. ¶ 3(c).) The Appeals Council denied Plaintiff's request for review in a Notice of Action dated January 20, 2015 ("1/20/15 Notice"). (Nicoll Decl. Ex. 3.) The 1/20/15 Notice stated that if Plaintiff disagreed with the Appeals Council's denial of her request for review, she could commence a civil action within sixty days of the date she received the notice. (*Id.* at ECF 28-29.) The 1/20/15 Notice further informed Plaintiff that she was presumed to have received the Notice five days after the date on the Notice and that Plaintiff could request an extension of time to file for court review for "a good reason." (*Id.* at ECF 29.) Plaintiff filed this action on April 10, 2015. (Dkt. 1.)

## DISCUSSION

When the Appeals Council denied Plaintiff's request to review the ALJ's decision on January 20, 2015, the ALJ's opinion became the final decision of the Commissioner, and Plaintiff had sixty days from receipt of the 1/20/15 Notice to seek judicial review of the Commissioner's determination pursuant to 42 U.S.C. § 405(g).[2] Under SSA regulations, Plaintiff is presumed to receive the notice five days after the date on the notice—here, by January 25, 2015. *See* 20 C.F.R. § 422.210(c); *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984). These same timing rules also appear in the 1/20/15 Notice. Plaintiff thus had until March 26, 2015—sixty days from

---

system and not the documents internal pagination.

[2] Section 405(g) states in pertinent part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." This appeal remedy is the exclusive means of challenging the Commissioner's "final decision" with respect to a Social Security benefits determination. *See* 42 U.S.C. § 405(h).

January 25, 2015—to file a civil action seeking review of the Commissioner's final decision. Plaintiff filed her Complaint on April 10, 2015, fifteen days after this sixty-day deadline.

While the sixty-day time limit is not jurisdictional, it does constitute a statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). And because the sixty-day statute of limitations "is a condition on the waiver of [the United States'] sovereign immunity," it must be strictly construed. *Id.* at 479. Thus, courts routinely dismiss Social Security appeals even when they are filed only a few days past the sixty-day filing deadline. *See, e.g.*, *Twumwaa v. Colvin*, No. 13-cv-5858, 2014 WL 1928381, at *3 (S.D.N.Y. May 14, 2014) (dismissing *pro se* complaint filed seven days late); *Pressley v. Astrue*, No. 12-cv-8461, 2013 WL 3974094, at *2-3 (S.D.N.Y. Aug. 2, 2013) (five days late); *Smith v. Comm'r of Soc. Sec.*, No. 08-cv-1547, 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010) (four days late). To overcome a failure to timely file, a plaintiff bears the burden of showing that equitable tolling is warranted. *See Bowen*, 476 U.S. at 479-80; *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (citation omitted). A late-filing plaintiff seeking equitable tolling must prove two things: (1) plaintiff "has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Here, Plaintiff asserts in her one-page letter opposition that on the day she filed her Complaint,[3] the "receptionist of Social Security" informed her that she still had time to file her Complaint even after Plaintiff explained to the receptionist that she "had misinterpreted the sixty

---

[3] In her letter, Plaintiff lists this date as April 15, 2015. (*See* Pl.'s Opp'n.) However, Plaintiff filed her Complaint on April 10, 2015. (Dkt. 1.)

3

days for ninety days." (Pl.'s Opp'n.) Misinterpreting the filing deadline is an insufficient justification to grant equitable tolling. *See Roberts v. Comm'r of Soc. Sec.*, No. 15-cv-6216, 2016 WL 303896, at *2 (S.D.N.Y. Jan. 26, 2016) (declining to find equitable tolling where a *pro se* plaintiff filed her SSA appeal late because "she thought the 60 day deadline meant business days"). This is particularly so where a plaintiff has previously timely filed other submissions and has not demonstrated "extraordinary circumstances" standing in her way, such as mental incapacitation. *See, e.g.*, *Borrero v. Colvin*, No. 14-cv-5304, 2015 WL 1262276, at *6 (S.D.N.Y. Mar. 19, 2015) (claimant's "compliance with the statute of limitations at earlier stages of the appeals process— namely his request to the Appeals Council—indicates that he was accustomed to operating under the time constraints and capable of doing so, even when acting *pro se*") (internal quotations omitted); *cf. Canales v. Sullivan*, 936 F.2d 755 (2d Cir. 1991) (equitable tolling may be warranted for untimely complaint where claimant had mental impairment).

In this case, Plaintiff previously had no issues complying with time limits for requesting an ALJ hearing and Appeals Council review; moreover, Plaintiff points to no extraordinary circumstances preventing her from filing her SSA appeal within the sixty-day time limit. Rather, it is clear from Plaintiff's own letter, though unfortunate, that she missed the sixty-day deadline because she misread it as providing for ninety days. Notwithstanding any representations made by the "receptionist of Social Security"—which are not substantiated—that Plaintiff may still file a Complaint, this is not a basis for equitable tolling.

## CONCLUSION

For the foregoing reasons, Plaintiff's claim is dismissed as time-barred. The Clerk of Court is respectfully requested to enter judgment for the Commissioner and to close this case.

SO ORDERED.

<u>/s/ Pamela K. Chen</u>
Pamela K. Chen
United States District Judge

Dated: June 2, 2016
      Brooklyn, New York

## CONCLUSION

For the foregoing reasons, Plaintiff's claim is dismissed as time-barred. The Clerk of Court is respectfully requested to enter judgment for the Commissioner and to close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 2, 2016
Brooklyn, New York